# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JOYCE v. THE COMMONWEALTH.

### January 17th, 1884.

1. CRIMINAL JURISDICTION AND PROCEEDINGS—*Venue.*—Upon application for change of *venue* on ground that an impartial jury cannot be had in that county, or brought thereto from another county or corporation, application is refused, and a jury obtained in the county.

HELD :

Prisoner should first have asked for jury from another county. Not having done so, and an impartial jury having in fact been obtained, the conclusive presumption is that the application for change of *venue* was unfounded.

2. IDEM— *Continuance—Arraignment—Prejudice against accused.*—Prisoner may move for continuance before arraignment; but affidavits of prevalence of bitter and general prejudice against him, do not of themselves constitute good ground for continuance.

3. IDEM—*Evidence—Res gestæ.*—Facts which constitute the *res gestæ* must be such as are so near connected with the very transaction or fact under investigation as to form a part of it. *Haynes' Case,* 28 Gratt. 942.

4. IDEM—*Idem—Idem— Case at bar.*—Shortly before prisoner shot deceased, prisoner had a quarrel with R at W's bar room; but this quarrel was in no manner connected with the shooting of deceased, who was not present, or in any way alluded to or concerned in it. The two transactions were wholly distinct. At the trial Commonwealth offered, and against prisoner's objection the court admitted, testimony relating to the quarrel with R.

HELD :

1. Such testimony was not part of the *res gestæ*, and was inadmissible.

2. It was irrelevant, and calculated to excite and mislead the jury, and so prejudice prisoner.

3. If he may have been so prejudiced, though it be doubtful whether in fact he was so, or not, that is sufficient ground for reversing the judgment. *Payne's Case,* 31 Gratt. 858.

Error to judgment of circuit court of the county of Elizabeth City, rendered 28th June, 1883, on an indictment for the murder of Thomas C. Phillips, whereon Joyce was found guilty of murder in the second decree and sentenced to confinement in the penitentiary for the term of sixteen years.

Opinion fully states the case.

*A. S. Segar* and *W. H. White*, for the plaintiff in error.

*F. S. Blair, Attorney-General,* for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error was indicted in the county court of Elizabeth City county for the murder of Thomas C. Phillips, and having upon his arraignment demanded to be tried in the circuit court of that county, he was accordingly tried in the latter court, found guilty of murder in the second degree and sentenced to confinement in the penitentiary for a term of sixteen years. Four errors are assigned in the petition to this court for a writ of error to the judgment of the circuit court. The subject of the first assignment of error is the refusal of the county court to change the *venue,* upon the application of the prisoner, before the transfer of the case to the circuit court. The application was made before his arraignment, and was based upon the ground of alleged bitter and general prejudice in the county against the prisoner, rendering it impossible for him to obtain a fair and impartial trial either at the hands of a jury selected from the said county, or brought thereto from another county or corporation. The county court overruled the motion, on the ground that in advance of the arraignment of the prisoner, the motion was premature.

In *Wright's Case*, 33 Gratt. 880, which was an indictment for murder, the prisoner applied for a change of *venue*, on grounds very similar to those upon which the motion in this case was founded, and the application was refused. This court sustained the ruling of the lower court, and held that if the prisoner feared he could not get an impartial jury in the county in which he was to be tried, he should first have asked that duly qualified jurors from another county be summoned for the trial; and not having done so, and an impartial jury having in fact been obtained, the conclusive presumption was that the motion for a change of *venue* was unfounded. In the present case no difficulty seems to have been encountered in obtaining an impartial jury in Elizabeth City county for the trial of the prisoner, nor does it appear that he was not impartially tried; and without, therefore, deciding whether the motion was or was not premature, it is sufficient to say that it was not well founded.

The second error assigned is the refusal of the county court to grant the prisoner's motion for a continuance of the case. The motion was based upon the ground that the prejudice and excitement in the county was so strong and general against him as to render it unsafe for him to go to trial at the term at which the motion was made. And in support of the motion he offered in evidence certain affidavits, but the court overruled the motion, and refused to consider the affidavits, on the ground that the motion could not be entertained before the arraignment of the prisoner, and his election of the court for his trial.

The statute (Acts of Assembly 1877–78, 339–40) provides that "when an indictment is found, or other accusation filed, against a person for felony, in a court wherein he may be tried, or in a circuit court, when the indictment and other papers have been certified and transmitted to the clerk thereof, . . . the accused, if in custody, or if he

appear according to his recognizance, shall, *unless good cause be shown for a continuance,* be arraigned and tried at the same term."

The affidavits offered in support of the motion set forth, that a bitter and general prejudice prevailed against the prisoner throughout the county, and that in consequence thereof a fair and impartial trial of the case could not be had at that time.

It is plain that while under the provisions of the statute just quoted, it was competent for the prisoner to move for a continuance before his formal arraignment, yet that no good cause therefor was shown by the affidavits offered by him, and which are copied into the record. If the state of public feeling against him was, in fact, as set forth in the affidavits, it was merely a matter of opinion on the part of the affiants that a fair trial in consequence thereof could not be then obtained, and certainly of itself did not constitute a ground for a continuance of the case. The prisoner, therefore, was not prejudiced by the refusal of the court to entertain his motion for a continuance, and the second assignment of error is not well taken.

The third assignment relates to the action of the circuit court in admitting at the trial testimony relating to an altercation between the prisoner and one Reidy, which occurred on the night of the homicide, a few minutes prior thereto, at Woods' bar-room, in the town of Hampton, and a short distance from Barnes' bar-room, where the homicide was committed. The testimony was admitted, against the objection of the prisoner, as part of the *res gestæ,* for the purpose of showing motive on his part in the alleged shooting of the deceased.

Facts which constitute the *res gestæ,* must be such as are so connected with the very transaction or fact under investigation as to constitute a part of it. *Haynes' Case,* 28 Gratt. 942. Tried by this well-settled test, the testimony in

question was plainly inadmissible. The quarrel between the prisoner and Reidy at Woods' bar-room was, in no manner whatever, connected with the shooting of the deceased at Barnes' bar-room. The deceased was not present at, or in any way alluded to, or concerned in, the altercation with Reidy, and the two transactions were wholly separate and distinct. If the object was to show that a short while before the deceased was shot the prisoner was seen in the neighborhood, armed with a pistol, the testimony to that extent would have been competent and proper for that purpose; but not so with the details of the altercation. They were totally irrelevant to the issue to be tried, and were calculated to excite the prejudice of and to mislead the jury, and thereby to prejudice the case of the prisoner. And if he may have been so prejudiced, even though it be doubtful whether in fact he was so or not, that is a sufficient ground for reversing the judgment. *Payne's Case,* 31 Gratt. 855, and cases cited.

And as for this error the judgment must be reversed and a new trial awarded, the fourth assignment of error, relating to the refusal of the circuit court to set aside the verdict and grant a new trial, need not be considered.

JUDGMENT REVERSED.