# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## ANDERSON v. COMMONWEALTH.

### NOVEMBER 17th, 1887.

CRIMINAL PROCEEDINGS—*Continuance—Arraignment.*—County court wherein accused was indicted for capital felony, refused to consider, *until after his arraignment,* motion for continuance on ground of absence of material, duly summoned witnesses; and thereupon accused elected to be tried in the circuit court:

HELD:

> Such refusal deprived the accused of his right of free election of forum, and was error. Acts 1877–8, p. 339; Joyce's Case, 78 Va., 287.

Error to judgment of circuit court of Henrico county, rendered 10th March, 1887, on an indictment against David Anderson for burglary. He was indicted at July term, 1886, of the county court of said county, and at the same term, on his motion, the case was continued to the September term, 1886. At that term he asked for a continuance on the ground of the absence of material witnesses, who had been duly summoned, and produced an affidavit to support his motion. But the county court refused to entertain the motion until *after his arraignment.* He excepted, and was thereupon arraigned, and elected to be tried in the circuit court, to which the record was duly certified. At the term of the circuit court next after such removal, the prisoner moved the court to remand the case to the county court. This motion was overruled, and he again excepted. He was thereupon put upon his trial, found guilty by the jury, and sentenced by the court, in accordance with

the verdict, to imprisonment in the penitentiary for the term of seven years, to which judgment a writ of error and *super-sedeas* was awarded by one of the judges of this court.

*Smith & Bryan* and *W. H. Beveridge*, for plaintiff in error.

*Attorney-General R. A. Ayers* and *Edmund Pendleton, Jr.*, for the commonwealth.

RICHARDSON, J., (after stating the case), delivered the opinion of the court.

In the petition various errors are assigned, of which it is necessary to consider one only; and that one relates to the refusal of the county court to entertain the motion of the prisoner for a continuance of the case, before his arraignment, at the term at which the case was certified to the circuit court.

It is contended in support of the judgment, that the motion was premature; but we are clearly of opinion that this position is wholly untenable. Undoubtedly, at common law, the arraignment was the first step in the proceedings after the appearance of the accused to the indictment. 4 Bl. Com., 321. But the common law in this particular has been modified in Virginia by statute, and the practice is to entertain motions for a continuance as well before as after the arraignment of the accused. Indeed, the record in the present case shows that at the term at which the indictment was found, the prisoner's motion for a continuance was granted without any question being raised as to the power of the court to entertain a motion for a continuance before an arraignment. And in *Boswell's case*, 20 Gratt., 860, it appears from the report of the case, that the case was thrice continued, on the motion of the prisoner, before his arraignment; and in *Shifflet's case*, 14 Gratt., 652, a motion to change the venue was made and granted before the prisoner was arraigned. Indeed, he was not arraigned until

after the case had been removed; and doubtless there are many other cases, in which the same practice has prevailed.

The statute applicable to the case is this: " When an indictment is found, or other accusation filed, against a person for felony, in a court wherein he may be tried, or in a circuit court, where the indictment and other papers have been certified and transmitted to the clerk thereof, · * * * the accused, if in custody, or if he appear according to his recognizance, shall, unless good cause be shown for a continuance, be arraigned and tried at the same term." Acts 1877–8, p. 339. This language would seem to be too plain to admit of doubt. The provision of the law is, that the accused shall be *arraigned and tried* at the first term, *unless* good cause for a continuance be shown—the plain meaning of which is, that if good cause for a continuance *is shown*, it shall be the duty of the court to continue the case without arraignment, if a motion to that effect is made. As well might it be contended that a motion for a continuance cannot be made until after trial, as that it cannot be entertained before arraignment. Such was the view taken by this court in *Joyce's case*, 78 Va., 287, in which the statute above quoted was construed, and to that decision we adhere as a correct exposition of the law. It is obvious, moreover, that the ruling of the county court complained of deprived the prisoner of a privilege given him by the statute to make a free and unconstrained election of the forum in which to be tried; for it was virtually equivalent to saying to him that his motion would be considered, *provided he elected to be tried in that court.* The necessary result was to compel the accused to elect to be tried in the circuit court, as the only means of certainly securing a continuance and the opportunity of securing the attendance of his witnesses, since it was only in the event that the prisoner elected to remain and be tried in the county court, that the motion, after arraignment, could be considered by that court at all; for the election must be made *upon the arraignment*, and the statute being express that when, upon his arraignment in

a county court, the accused demands to be tried in the circuit court, the case *shall* be certified to the latter court, and thereupon the jurisdiction of the county court ceases, unless the case be remanded for good and lawful reason thereto. Acts 1877–8, p. 339.

For these reasons, and without considering other questions raised and discussed on the record at the bar, we are of opinion to reverse the judgment of the circuit court, and to set aside the verdict and all the proceedings in the case in the circuit court, and also to reverse and annul the order of the county court at the September term thereof, 1886, sustaining the motion of the attorney for the commonwealth to arraign the prisoner, and refusing to entertain the motion of the prisoner for a continuance before his arraignment, and directing the case to be certified to the circuit court. And we are further of opinion to remand the case to the said county court for further proceedings to be had therein, not inconsistent with the views herein expressed.

JUDGMENT REVERSED.