## Richmond.

WALLER & BOGGS V. COMMONWEALTH.

FEBRUARY 9th, 1888.

1. CRIMINAL PROCEEDINGS—*Failure to indict.*—Under Acts 1877-8, p. 335, § 13, it suffices that *any* indictment be found against the accused before the end of the second term at which he is held to answer, though he be actually tried upon an indictment found *after* that time.

2. IDEM—*Examination—Warrant.*—A warrant of arrest is unnecessary before the accused in custody, is sent to a justice for examination upon the charge in the indictment.

3. IDEM—*Venire facias*—The mere fact that the trial judge quashed the writ of *venire facias* issued by another judge incompetent to try the case, but used the same names in the new writ issued by himself, could not render them unsuitable.

4. IDEM—*Deficient panel—Bystanders.*—When the regular panel is incomplete, it is not necessary that the judge should furnish with his new writ, a list of the bystanders from whom the required number shall be summoned.

5. IDEM—*Change of venue.*—A motion for a jury from another county should always precede a motion for a change of *venue*.

6. IDEM—*Proof of identity.*—The court should instruct the jury, if the accused so requests, that the identity of the accused with the perpetrator of the offence, should be proved beyond a reasonable doubt.

7. IDEM—*Case at bar.*—In the case here the facts presented in the record are *held* not to justify the verdict of conviction.

Error to judgment of the judge of the circuit court of Spotsylvania county refusing a writ of error and *supersedeas* to the judgment of the county court of said county, rendered March 8th, 1887, upon an indictment against Mary D. Waller and Jennie Boggs for a felonious assault upon the person of one William S. Waller. By the judgment of the county court

the defendants were sentenced to two years confinement in the penitentiary in accordance with the verdict of the jury.  Opinion states the case.

*A. H. Dickenson* and *J. B. Sener*, for the plaintiff in error.

*Attorney-General R. A. Ayers* and *Edmund Pendleton*, for the commonwealth.

Hinton, J., delivered the opinion of the court.

The plaintiffs in error, Mary D. Waller and Jennie Boggs, were arrested, examined, and sent on to be tried for a housebreaking with intent to kill and rob, charged to have been committed by them on the 11th June, 1886.  On the 5th day of July, 1886, they were indicted for burglary and grand larceny, and they were held under these indictments until the 7th of December in the same year, when the third grand jury which had met since their arrest, indicted them for a felonious assault.  Upon this last-mentioned indictment they were tried, convicted, and sentenced, whereupon they applied to the judge of the circuit court of Spotsylvania for a writ of error, which, being refused, they applied for and obtained a writ of error from one of the judges of this court.  They now assign various errors in the proceedings and judgment of the county court, the most of which are merely technical and without merit.  The most important of these, however, will be briefly noticed in the order in which they are assigned.

Their first assignment of error is that the court erred in refusing to quash this indictment and to discharge the prisoners from custody, because it was not found until the third term at which a grand jury was impaneled after their arrest.  This contention, however, is founded upon a plain misconception of the meaning of the statute.  It was never contemplated by the framers of the act that persons in jail, charged

with crime, should be discharged from imprisonment if the indictment upon which they are tried was not found before the end of the second term, but only that they should be discharged if no indictment should be preferred against them before the expiration of such term. This is apparent from a mere reading of the statute itself. It says: "A person in jail on a criminal charge shall be dismissed from imprisonment if a presentment, indictment, or information be not found or filed against him before the end of the second term of the court at which he is held to answer, unless," etc. The simple requirement of the statute is that some indictment shall be found before the end of the second term, or else the accused shall be discharged from imprisonment, although liable to be again arrested and tried upon any indictment that may be subsequently found against them. Manifestly the present case does not fall within the statute, for here the accused were indicted by the first grand jury that met after their arrest, and the commonwealth has only done what she had the clear right to do, exercised her election as to the indictment upon which the prisoners should be tried.

The next assignment of error is that they were tried upon the indictment charging them with a felonious assault, without being first accorded the examination allowed by section 15 of the Criminal Code, (Acts 1877–78, p. 336, §15.) This objection assumes that it was a necessary prerequisite to the validity of the examination which was had, that there should have been a warrant of arrest actually issued by the presiding judge. Such, however, is not the case. A formal warrant is only required by the statute where the accused is at large. Here the accused were in confinement and in the power of the court, and the order of the court commanding the sheriff to take the prisoners before a justice of the peace, there to be examined on the charge contained in the indictment, was all that could possibly be required. Being in custody, there was no necessity for a warrant of arrest, and the indictment and order of

court advised both the prisoners, and the justice before whom they were carried, of the offence with which the accused were charged as clearly and distinctly as a warrant could have done.

The third objection urged on behalf of the plaintiffs in error is that although the judge of the county court had entered of record that, by reason of his connection with the case, he deemed it improper that he should preside at the trial thereof, yet that he issued an order to the sheriff to summon a jury to try the case from a list which he had himself furnished. But this error, if it be an error, which I exceedingly doubt, was cured by the fact that Judge Moncure, who presided at the trial, quashed the *venire facias* issued by order of Judge Waller, and ordered another to be issued, furnishing a list of his own; and it was from this last list that the jury was chosen. And although it is true that the individuals composing the list furnished by Judge Moncure were the same that composed the list furnished by Judge Waller, that circumstance is immaterial; for if those persons were, in the opinion of Judge Moncure, competent and suitable jurors, the mere fact that they had been previously selected by another judge could not render them incompetent or unsuitable. *Mitchell's Case,* 33 Gratt., 851.

The next objection is without merit and only noticed to prevent its being urged upon some probable future occasion. It is that failing to secure a sufficient number of veniremen from those summoned by the sheriff, the judge then ordered an *alias* writ for four jurymen to be chosen by the sheriff from the bystanders without giving the sheriff a list of bystanders from whom the four were to be taken, " contrary to the rightful meaning of section 4" of the Criminal Code, (Acts 1877–8, p. 340, § 4.) In so doing the court did not act contrary to the meaning of that section, but in accordance with its expressed requirements. The language of the section is that "in any case of felony, when a sufficient number of jurors for the trial of the case cannot be had from those summoned and in attend-

ance, the court may direct another *venire facias*, and cause to be summoned from the bystanders or from a list to be furnished by the court, so many persons as may be deemed necessary to complete the jury."

The next assignment of error is the refusal of the court to change the venue, but there is nothing in this objection. As this court has repeatedly held, this motion should have been preceded by a motion for a change of *venire;* and this not having been done, and an impartial jury having in fact been obtained in the county, the conclusive presumption is that the motion for a change of venue was unfounded. *Joyce's Case,* 78 Va., 287; *Wright's Case,* 33 Gratt., 880.

Just before the case was given to the jury, nine instructions were asked on behalf of the accused, three of which, viz., Nos. 1, 5, and 8, were given substantially as asked, while Nos. 3, 4, 6, 7, and 9 were refused. In this action of the court we perceive no error, for the instructions refused are manifestly misleading in the form in which they are asked, or irrelevant, and those given, presented the propositions embodied in them certainly as strongly as the prisoners were entitled to have those propositions presented. But the court also refused to give the second instruction as asked by the accused, and gave in lieu thereof an instruction of its own. In this we think it erred. The object of the second instruction was to present to the jury the proposition that the identity of the accused with the persons who committed the assault should be established *beyond reasonable doubt.* To refuse this instruction and give in lieu thereof the one which it gave, was calculated to create the impression upon the minds of the jury that the identity of the accused with the perpetrators of the crime might be established by a lesser degree of proof than the law requires. The court should have given the second instruction as asked, or, at least, an instruction which was plainly its exact equivalent.

The court is also of opinion that the facts presented in the record could not justify a verdict of conviction in this case.

The only inculpatory facts disclosed by the certificate, which is extremely meager, are the larceny of the money, the flight of the accused, and the pretended ignorance of the accused of the fact that Mr. Waller and his sister had been assailed and beaten after this fact had been communicated to them. But all of these facts are susceptible of reasonable explanations furnished by the certificate of facts itself. The evidence of the larceny was only relevant as furnishing a motive for the assault. The flight might have been occasioned by the fear of punishment; for, as the certificate shows, W. S. E. Waller was a passionate man, who had told his servants that whenever he got in a passion they had better get out of his way; and on this occasion he was not only in a passion, but armed with a loaded gun and stick; and as to the pretended denial of any knowledge that Mr. Waller and his sister had been beaten, that certainly, although plainly a falsehood, has not the slightest tendency to show that they were the guilty agents. On the other hand, the absolute failure to identify either the persons or sex of the assailants is a pregnant circumstance in favor of the accused. There is in this case proof of what may or may not have been a motive for the assault, but this does not establish that the accused were necessarily the guilty parties. The conclusion of the court therefore is that a writ of error should have been awarded by the judge of the circuit court, and that the judgment of the county court is erroneous, and must be reversed, the verdict set aside, and the cause remanded for a new trial to be had therein.

Lacy, J., dissented.

Judgment reversed.