Statement.

# Richmond.

Uzzle v. Commonwealth.

January 23, 1908.

1. Criminal Law—*Change of Venue—Facts not Denied—Evidence.*— Upon an application for a change of venue in a criminal case, facts stated in the petition for removal which the commonwealth does not ask to controvert and which the accused is not permitted to sustain by proof, must be considered as established.

2. Criminal Law—*Change of Venue—Local Prejudice—Jury from Another County—Case at Bar.*—Where the ground of an application for a change of venue of a criminal case is that there exists such prejudice and excitement against the accused at the proposed place of trial as to endanger the fairness and impartiality of a trial at that place, it is not necessary that the application shall be preceded by a motion for a jury from another county or corporation. The ground of the application is the inability to get a fair and *impartial trial* because of local prejudice, and not the inability to get a fair and *impartial jury.* In the case at bar, the motion for a change of venue on account of local prejudice should have been granted.

Error to a judgment of the Circuit Court of Accomac county.

*Reversed.*

The opinion states the case.

*Thomas H. Willcox* and *Jeffries, Walcott & Wallcot,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson,* for the commonwealth.

Buchanan, J., delivered the opinion of the court.

When the accused, who was indicted for malicious shooting with intent to kill, was brought into court, he filed his petition for a change of venue. The bill of exception taken to the rulings of the court upon his petition, is as follows:

"Be it remembered, that when this case was called for trial, the accused, by counsel, filed a petition praying for a change of venue, and stated that he desired to prove the facts stated therein.

"Whereupon, the attorney for the commonwealth stated to the court that the military referred to in said petition were not called, or asked for, by any of the authorities of the town of Onancock, or the county of Accomac, and offered to introduce evidence in support of said statement.

"Whereupon, the accused amended his said petition so as to make the same allege, in addition to the facts already stated therein, the fact that the governor had personally visited the scene of the trouble in Onancock, and, after conference with the officers and officials of the county of Accomac, and town of Onancock, deemed it necessary to send the said troops to the said county, and offered to introduce evidence in support of the same.

"The said petition as amended, together with the order of the court referred to therein, is in the words and figures following, to-wit:

"Virginia: In the Circuit Court of Accomac county.

"Commonwealth of Virginia

v.

James D. Uzzle.

"To the Honorable John W. G. Blackstone, judge of said court:

"Your petitioner, James D. Uzzle, of the county of Accomac, in the state of Virginia, respectfully represents unto your honor as follows:

"(1) That on the 10th day of August, 1907, a riot occurred in the town of Onancock in said county of Accomac, Virginia, in which the storehouse and building of Samuel L. Burton and the printing office of your petitioner were burned by persons because of this excitement against your petitioner, who is a colored man, and who was believed by certain white citizens to be guilty of the offence with which he has been even indicted and because of their indignation against the colored people of the community at that time, and during which riot one John Topping was shot.

"(2) That your petitioner, seeing and knowing that his life was in danger and that it was necessary to leave the town of Onancock prior to the burning of said buildings did leave said town and was compelled to remain in hiding for several days in order to protect himself from violence, if not from death, such was the public indignation which had been aroused against your petitioner and others of his race at that time.

"(3) That on the next day the governor of this state, at the request of the authorities of Accomac county and the town of Onancock, or deeming such course necessary after making a personal visit to the county, seeing the conditions existing, ordered the military to Onancock to preserve public peace and to prevent the recurrence of further rioting, and to protect the property and lives of the citizens of the town of Onancock, including particularly the life of your petitioner.

"(4) That, notwithstanding the presence of the military at Onancock, your petitioner was compelled to remain in hiding for several days longer, to protect himself from the feeling which had been aroused against him. Finding by inquiry, however, that it was prudent for him to return, he did return and surrendered himself to the officers of the state of Virginia for

protection, and was brought by a detail of soldiers to the city of Norfolk, Virginia, where he was placed in custody of the sergeant of the city of Norfolk, and has been kept since then, with the consent of the authorities of Accomac county and by direction of the governor of the state of Virginia.

"(5) Your petitioner has been informed that it has been deemed necessary by the authorities of the county of Accomac, since said riot, to keep a portion of the military forces of the state of Virginia at Onancock up to and including the 1st day of September, 1907, for the purpose of preserving public peace and order, so great is the feeling and indignation of the citizens of Onancock towards your petitioner and other persons of his race at Onancock.

"(6) Your petitioner further alleges that so great is the public indignation and feeling in the county of Accomac against him that the judge of this honorable court has deemed it necessary to protect your petitioner from violence to cause the sheriff of Accomac county to summon and carry with him to the city of Norfolk an armed posse of twenty citizens from the county of Accomac, to protect your petitioner and others from violence of the citizens of said county of Accomac, and he was, on September 5, 1907, brought back from the city of Norfolk, Va., to the said county of Accomac by said armed body of citizens, and was by them placed in the jail of said county and there guarded in the said jail all night, and he was, on the 6th day of September, 1907, brought into your honor's court, closely guarded by said posse of armed citizens in order to afford him the protection to which he is entitled by law, and he is now being guarded by said posse. Reference is here made to said order and the same is asked to be read as a part of this petition, the same having been entered September 2, 1907. Your petitioner further states, that, though the military were withdrawn from the county on Sunday, September 1, 1907, as aforesaid, and the said order of the court was entered the next day, directing the *posse comi-*

*tatus* to be summoned, and the said posse has been substituted for said militia, yet the governor of Virginia has deemed it necessary to send the adjutant general of Virginia to this county on September 2, to observe and be in touch with the situation here, and the said adjutant general is here in court at this time to be in readiness to recall military forces promptly, should the emergency require it.

"(7) That under the facts above stated, and which are facts, your petitioner alleges that it will be impossible for him to have a fair and impartial trial, as he is in law entitled to receive.

"(8) Your petitioner further alleges that, under section 4036 of the Code of Virginia, as amended by an act approved March 5, 1904, he is entitled, as a matter of right, to have the venue changed in this trial, because of the fact that the mayor of the town of Onancock and the sheriff of the county of Accomac have called on the governor of this state for military force to protect your petitioner from violence, and that, even though the military has been removed from the county of Accomac, the judge of this court has deemed it necessary to call a posse of armed men to aid the sheriff in removing your petitioner in safety to the county of Accomac and protect him while being tried, thus substituting one for the other.

"(9) Your petitioner further states that, up to this time he has been so confined in jail and the public feeling is so great against him that he has been unable to procure affidavits in support of this petition, and prays that this may be taken and treated as his affidavit in support of the same.

"Your petitioner, therefore, prays that your honor will order the venue of this cause to be changed to some other circuit court or to some corporation or hustings court of one of the cities of this state, remote from the place where the offence set out in said indictment was alleged to have been committed, in order to insure your petitioner a safe and impartial trial.

                                        "JAS. D. UZZLE.

"The foregoing petition and the facts stated therein were subscribed and sworn to before me by James D. Uzzle in my office, this 6th day of September, 1907.

"JOHN D. GRANT.

"Clerk of the Circuit Court of Accomac County.

"Whereupon the court stated that it did not desire to hear testimony from either side, and declined to hear the same, and overruled the motion for a change of venue, to which action and ruling of the court the prisoner excepted and tendered this, his bill of exception, which is signed, sealed, enrolled and ordered to be made a part of the record."

The order of the court referred to in the petition, and made a part thereof, is as follows:

"And on this same day" (the day on which the indictment was found), "to-wit: At a circuit court held for the county of Accomac, on Monday, the 2nd day of September, A. D., 1907.

"The Commonwealth, Plaintiff.

against

Samuel L. Burton, Defendant.

On an Indictment for Felony.

Same, Plaintiff,

against

Sylvanus Conquest, Defendant.

On an Indictment for Felony.

Same, Plaintiff,

against

James D. Uzzle, Defendant.

On an Indictment for Felony.

"The court being aware of recent disturbances arising from the occurrences connected with offences for which the above-named parties stand indicted, and knowing that all of the above-named parties are now in Norfolk jail for safe-keeping, and that the militia of this state have recently been withdrawn from this county, therefore, that the ends of justice may be attained, and that the said parties may have a fair, free and impartial trial, without their personal safety being in any way endangered, or the dignity of this tribunal being impaired, and to maintain the fair name and fame of this county, it is hereby ordered that a *posse comitatus* consisting of the following named persons: George C. Walker, Leonard O. Ames, Leonard C. Mears, George T. Coleburn, William F. B. Mapp, Leroy J. Bull, William R. Jones, Rufus W. Harding, Levin J. Melson, John S. Parsons, Wells R. Rew, Maurice L. Lewis, George B. Finney, James H. Miles, William J. Singleton, J. Walker Eichelberger, Richard A. Turlington, J. Wesley Coleburn, Roy D. White and L. L. Lilliston, selected by the court, after consultation with the sheriff and the attorney for the commonwealth and other discreet citizens, do proceed with the said sheriff and such deputies as he may desire, to the city of Norfolk, at such time as he shall deem safe and proper, take the said above-named defendants into their custody and safe-keeping and fully protect them from any violence whatsoever, and have them before this court at 10:30 A. M., on Friday next, and continue their protection in the court-house and further till discharged by order of this court."

The bill of exception shows that the accused asked to be permitted to prove the facts alleged in his petition; that the commonwealth offered to introduce evidence to show that the military referred to in the petition was not called or asked for by the authorities of the town of Onancock or the county of Accomac; and that the court refused to hear the testimony of either.

As the commonwealth only sought to introduce evidence to sustain its denial that the military were called for by the authorities of the said town or county, the other allegations of fact at least, made in the petition, must be considered as true upon the application for a change of venue, since the commonwealth did not ask to controvert them by proof, and the accused was not permitted to offer evidence to sustain them.

Under the provisions of section 4036 of the Code, as amended by an act approved March 15, 1904, (Acts 1904, p. 307), the venue for the trial of a criminal case may be changed upon the motion either of the accused or of the attorney for the commonwealth, or without such motion for good cause; or the accused may have it changed as a matter of right upon petition signed and sworn to by him, whenever the mayor of any city or the sheriff of any county shall call on the governor for a military force to protect the accused from violence.

It is insisted by the attorney-general that the accused was not entitled to a change of venue for good cause, even if such cause had been shown, which is denied; because a change of venue for cause can only be asked for and had after application has been made that jurors be summoned from another county or corporation for his trial.

If this be true, it will be unnecessary to consider further the question, whether or not the accused showed "good cause" for a change of venue, as it is not contended that any such motion preceded his application for a change of venue.

It is well settled that, where an application for a change of venue is based simply on the ground of difficulty in obtaining jurors in the county or corporation free from exception, it must be preceded by an application to summon jurors beyond such county. *Wright's Case,* 33 Gratt. 880; *Joyce's Case,* 78 Va. 287. But, where the application for a change of venue is based upon the ground that there exists such prejudice and excitement against the accused as to endanger the fairness and impartiality

of a trial conducted in the county, then the rule of practice invoked by the attorney-general does not and ought not to apply. It is true that the judge delivering the opinion of the court in the case of *Waller & Boggs,* 84 Va. 492, 496, 5 S. E. 364, stated that "as this court has repeatedly held, this motion" (that is, for a change of venue) "should have been preceded by a motion for a change of *venire;* and this not having been done, and an impartial jury having in fact been obtained in the county, the conclusive presumption is that the motion for a change of venue was unfounded." The only authorities cited to sustain that statement were the cases of *Wright* and *Joyce, supra.* Neither of those cases involved the question we are now considering, as the motion for a change of venue in each of them was based upon the ground that an impartial jury could not be obtained in the county.

The case of *Bowles,* 103 Va. 816, 48 S. E. 527, is also cited by the attorney-general to sustain his contention. In that case what is said upon the subject (p. 823) was merely by way of argument to show that no such local prejudice or excitement existed in the county as to require a change of venue; and it does not hold, as we understand it, that an application for a change of venue must be preceded by a motion to have a jury summoned from another county. The statute makes no such requirement, and there is no reason why the court should do so. Why should the accused be compelled to ask for what he does not wish as a condition precedent to an application for what he does wish and is entitled to under the statute if he shows good cause?

The reason why the practice is different in a case where the application for a change of venue is based upon the ground that a *fair and impartial jury* cannot be obtained in the county, and where it is based upon the ground that a *fair and impartial trial* cannot be had in the county because of the local prejudice and excitement therein against the accused, is clearly and strongly

stated by Judge Daniel, in delivering the opinion of the court in *Wormley's Case,* 10 Gratt. 658, 672-674, which was tried soon after the statute was passed authorizing the circuit courts to summon juries from counties other than that in which the accused was being tried, under certain circumstances. After referring to the fact that formerly, when a jury free from exception could not be obtained in the county where the accused was to be tried, a change of venue was necessary, because as the law then stood, the court had no authority to send beyond the limits of the county for a jury, no matter what might be the difficulty in obtaining a jury therein free from exception, the learned judge says: "In this state of the law, it is difficult to suppose a case in which this court could safely undertake to pronounce erroneous a judgment of a circuit court refusing an application for a change of venue, based simply on the ground of difficulty in obtaining jurors for the trial in the county. Cases, however, may be supposed of such strong and extensive and influential prejudice and excitement against the accused, as to endanger the fairness and impartiality of a trial conducted in the county, even though the court should encounter no serious difficulty or inconvenience in obtaining a jury. In such cases, in order to obtain a full, free, dispassionate, just and impartial hearing of the cause, it might be just as important to change the theatre of the trial, as to have a jury filling all the requirements of the law as to qualification and freedom from exception. In view of such a possible state of things, and of the possible existence of other causes not necessarily connected with the jury, and in order to preclude the inference that, by enlarging the power of the court as to the sources from which the jury might be taken, it intended to curtail the court of any power or discretion which it previously had of changing the venue for causes other than the difficulty of obtaining a jury in the county, the legislature have, in the 22nd section of the

chapter cited above," (Ch. 208, Code of 1849), "declared that the circuit courts may, on the motion either of the accused or of the attorney for the commonwealth, or without such motion, *for* good cause, order the venue for the trial of a criminal case in such court to be changed to some other circuit court."

After careful consideration of the facts alleged in the petition for a change of venue, and which must be taken as true, except as hereinbefore indicated, the court is satisfied that the accused showed good cause for a change of venue, and that it ought to have been granted.

It appears that the white people of the county were so greatly aroused against the accused, and that the relations between the races were of such character that it required the promptest and most vigorous action of the executive officers of the state, from the governor down, including the military and the *posse* furnished the sheriff by the court, to preserve the public peace, and to protect the accused and other members of his race from mob violence; that this state of feeling continued down to and through the trial of the accused; and that after the conviction of the accused, he had to be confined in the jail of another county, pending his efforts to have the judgment of the trial court reversed. Under these circumstances, it is not only highly probable but almost certain that the accused did not have that fair, dispassionate and impartial trial which every accused person is entitled to under the law.

Having reached the conclusion that "good cause" was shown by the accused for a change of venue, and that the trial court erred in not so ordering, it is unnecessary to consider whether or not he was entitled to a change of venue as a matter of right, under the amendment made to section 4036 of the Code by the act of March 15, 1904.

It is also unnecessary to consider the other errors assigned, as some of them cannot and the others will not probably arise upon the next trial.

The judgment of the circuit court will be reversed, the verdict of the jury set aside, and the cause remanded for a new trial, with direction to the circuit court to order the venue to be changed to the corporation court of the city of Norfolk, without carrying the accused back to Accomac county.

*Reversed.*