COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Alexandria, Virginia


ROBERT McGUIRE

MEMORANDUM OPINION[*] BY
v.    Record No. 1413-00-4      JUDGE ROSEMARIE ANNUNZIATA
DECEMBER 4, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Ann Hunter Simpson, Judge

Wendy B. Harris, Senior Assistant Public
Defender, for appellant.

Jennifer R. Franklin, Assistant Attorney
General (Mark L. Earley, Attorney General;
Shelly R. James, Assistant Attorney General,
on brief), for appellee.


The appellant, Robert McGuire, was convicted in a bench

trial of four of nine counts of "False 911 Calls" in violation of

Code § 18.2-461 and sentenced to 24 months in jail, suspended.

On appeal, he claims:  1) the evidence was insufficient to prove

he made the calls to law enforcement dispatchers without just

cause and with the intent to interfere with their duties; and 2)

the trial court erred in admitting  Commonwealth's Exhibit 1.

For the reasons that follow, we reverse the convictions.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.

### Background

A person at McGuire's address called the Stafford County Sheriff's Department's Communications Center a total of eighteen times between October 9 and 25, 1999. The calls were made to the Department's non-emergency telephone line, which was staffed by the same individuals who staffed the emergency line. As a result, the dispatcher responding to a non-emergency call was prevented from answering emergency calls.

Appellant stipulated that "all calls were made from 2 Mantel Court [McGuire's address], all calls were made by the same individual, and for all calls the caller was identified as Robert McGuire."

The trial court admitted into evidence a list prepared by the supervisor of the communications center, Linda Goodridge, showing the internal incident numbers, the date and time of the calls, and the dispatcher who had answered each call. During most of the phone calls, the dispatcher identified himself, the date and time of the call was recorded in the transcript, the caller identified himself as McGuire, and the call was placed from McGuire's home address.

## II.

### Analysis

When the sufficiency of the evidence is challenged on appeal, "[w]e view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible from the evidence." Cooper v. Commonwealth, 31 Va. App. 643, 646, 525 S.E.2d 72, 73 (2000). The appellate court

must, therefore, "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). Furthermore, the trial court's factual findings will not be disturbed unless plainly wrong or without evidence to support them.  McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).

It is well settled that "[t]he Commonwealth has the burden of proving beyond a reasonable doubt each and every element of the charged crime."  Adkins v. Commonwealth, 20 Va. App. 332, 342, 457 S.E.2d 382, 387 (1995) (citing Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)); accord In Re Winship, 397 U.S. 358, 363 (1970).  Accordingly, "the burden [is] on the Commonwealth to prove the identity of the accused beyond a reasonable doubt."  Brickhouse v. Commonwealth, 208 Va. 533, 536, 159 S.E.2d 611, 613-14 (1968) (citing Terry v. Commonwealth, 174 Va. 507, 516, 6 S.E.2d 673, 677 (1940)); accord Commonwealth v. Smith, 259 Va. 780, 783, 529 S.E.2d 78, 79 (2000) ("'the criminal agency of the accused [must be] proved to the exclusion of any other rational hypothesis and to a moral certainty'" (quoting LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950))); Waller v. Commonwealth, 84 Va. 492, 496-97, 5 S.E. 364, 366 (1888); Crawley v. Commonwealth, 29 Va. App. 372, 377-78, 512 S.E.2d 169, 172 (1999).  The Commonwealth

may establish the identity of a speaker by circumstantial evidence. Opanowich v. Commonwealth, 196 Va. 342, 351, 83 S.E.2d 432, 438 (1954); Bloom v. Commonwealth, 34 Va. App. 364, 369-70, 542 S.E.2d 18, 20, aff'd, __ Va. ___, ___ S.E.2d ___ (2001). However, the evidence must exclude every reasonable hypothesis of innocence. LaPrade, 191 Va. at 418, 61 S.E.2d at 316; Barlow v. Commonwealth, 26 Va. App. 421, 429-30, 494 S.E.2d 901, 905 (1998).

Appellant's motion to strike raised the issue of the failure to prove he made the calls. Although the judge denied the motion, the Commonwealth failed to produce sufficient evidence that McGuire made the calls. The evidence proved only that the caller identified himself as McGuire and that the calls came from "2 Mantel Court," McGuire's home address. No testimony established that any person recognized the voice of the caller to be that of McGuire. Opanowich, 196 Va. at 352, 83 S.E.2d at 438 ("a witness may be permitted to identify a person solely from having heard his voice"). As such, the evidence does not exclude the reasonable hypothesis that someone other

than McGuire made the phone calls and does not support McGuire's convictions beyond a reasonable doubt.  We therefore reverse.

<u>Reversed and dismissed</u>.