# Richmond.

## VERNON MEEKINS v. COMMONWEALTH.

January 16, 1930.

Absent, Chichester and Epes, JJ.

The opinion states the case.

*J. Thomas Newsome* and *J. Lorenzo Rainey*, for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Leon M.*

*Bazile* and *Edwin H. Gibson, Assistant Attorneys-General,* for the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

The accused was convicted of unlawfully transporting ardent spirits and his punishment fixed at a fine of $150.00 and imprisonment in jail for twelve months.

There is but one assignment of error, namely, that the judgment of the court is without evidence to support it. The proof offered by the Commonwealth may be summarized thus: The accused, one Thomas H. Smith and one Moody Brown were arrested by a motorcycle police officer on the public highway in Warwick county, while occupying an automobile owned and driven by Smith. When the officer first approached the car, Smith speeded up the car and when the officer ran alongside of the car, Smith forced him into a ditch and ran away. When finally arrested, the car was searched and twenty-five gallons of liquor were found in containers in the back compartment of the automobile which was locked. Both Smith and Brown denied knowledge of the liquor, and when accused was interrogated as to the ownership of the liquor he said "it was or must be Tom Smith's." One witness testified that the accused, Meekins, had the reputation of being a violator of the prohibition law. It was also shown that accused and Brown were together when they were picked up by Smith.

To maintain the issue on his part, the accused testified that he was on his way to Newport News from his home in James City county on the day of his arrest; that he was given a ride by Thomas Smith; that he had no control of the automobile; that he did not know that

it contained liquor; that he met Brown at the reservoir, about a mile from the point where he first observed the officer; that he denied at the time of his arrest any knowledge of the liquor; that he did tell the officer it must be Smith's liquor for the reason that the automobile belonged to Smith.

Thomas Smith testified that on his way to Newport News he picked up accused and Brown; that he did not have any prior arrangement with them in regard to the liquor; that he had not seen them previously, and that accused had no control over the automobile nor did he know anything about the liquor being stored in it.

There is no evidence that accused, Smith and Brown conspired to transport the liquor found in the automobile owned by Smith. The fact that accused had a bad reputation as a violator of the prohibition law, and the further fact that he was an occupant of the automobile while liquor was being transported, were most suspicious circumstances, yet standing alone they are not sufficient to support a verdict of guilty.

The burden is upon the Commonwealth not only to prove the guilt of a person charged with crime, but his guilt must be proved to the exclusion of every reasonable hypothesis consistent with his innocence. *Kibler's Case*, 94 Va. 813, 26 S. E. 858. This burden the Commonwealth has failed to carry successfully.

The judgment complained of will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*