# Richmond.

## J. W. Spicer v. Commonwealth.

March 19, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes and Hudgins, JJ.

The opinion states the case.

*James C. Page* and *James Russell,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

J. W. Spicer was indicted in the Circuit Court of Henrico county, under the "omnibus" statute, for violation of the prohibition law. A bill of particulars was asked for and given, trial was had in due course, and on April 22, 1930, this verdict was returned:

"We, the jury, find the defendant guilty of aiding and abetting in the sale of whiskey, and fix his punishment at three months in jail and $25.00 fine."

On it judgment was entered, and that judgment is now before us on a writ of error.

But one complaint is made—it is said that the evidence is insufficient to convict.

In the brief filed on behalf of the Commonwealth appears this statement of facts:

"Officers went to the vicinity of the accused's house. They lay in ambush and saw two men, W. K. Clayton and Percy Harris, go to the home of accused, drive their automobile into his back yard. Two men came out of the house and asked them what was wanted. The customers told them liquor. The men, one of whom was recognized as Raymond Milstead, then went a short distance across the road into a piece of woods, and off of the Spicer property, returning with whiskey. The

officers arrested Clayton and Harris, took them to the station house, obtained a search warrant, went to accused's house and searched it, but found no liquor. They found liquor, however, near the place indicated by Clayton. Clayton had never seen accused before the house was searched, although he had been to the place before and had bought liquor there. Someone would come from the house to the car and he would get whiskey from such other person. When the officers searched accused's house, accused and two other men sat in the kitchen. They arrested all three men. All of the witnesses, while they do not identify the two men who were in accused's kitchen, and who were arrested at the same time, as the men from whom Clayton bought the whiskey, speak of 'the two men.' We take it for granted that they were the same men who came out of accused's kitchen when the purchasers drove into his back yard, one of whom was Milstead."

It is supported by the record. Clayton and Harris drove into Spicer's back yard. Milstead and Winston came out of the house and asked them what they wanted and were told. Milstead and Winston then went across the road and into a piece of scrub woods, one or two hundred yards away from the Spicer house, where whiskey was concealed. They brought some back and sold it to Clayton and Harris. The place of concealment was not on Spicer's land. Milstead and Winston were both afterwards convicted on a plea of guilty. Spicer's premises were searched, but no liquor was found there, and there is no circumstance which connects him with this transaction except that the men who sold the liquor were in his home when the purchasers drove up, and it was to these men and not to Spicer that the purchasers made their wants known. By way of positive evidence, all that can be said is that his reputation is bad as a violator of our anti-liquor laws.

In all criminal cases the burden is upon the Commonwealth to prove the guilt of the accused to the exclusion of every reasonable hypothesis consistent with his innocence, and

this proof is not supplied by showing that the accused was a man of bad reputation and continually violated the prohibition law. *Meekins* v. *Commonwealth,* 153 Va. 984, 151 S. E. 132. Nor is it sufficient to show that the accused was present when the crime was committed. Evidence must go further. It must appear that there was some measure of participation, actual or constructive. *Horton* v. *Commonwealth,* 99 Va. 848, 849, 38 S. E. 184; *Brown* v. *Commonwealth,* 130 Va. 733, 107 S. E. 809, 16 A. L. R. 1039. Of course evidence need not be direct. Circumstances sometimes lead us irresistibly to conclusions from which there is no escape, but there must be proof of some sort. Here the facts unquestionably cast suspicion upon the accused, but suspicion is no substitute for proof.

The judgment is not sustained by evidence, and must be set aside.

*Reversed.*

PRENTIS, C. J., dissents.