Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, Kinser, JJ., and Poff, Senior Justice

COMMONWEALTH OF VIRGINIA

OPINION BY
v. Record No. 991244      SENIOR JUSTICE RICHARD H. POFF
April 21, 2000

WILLARD SMITH


FROM THE COURT OF APPEALS OF VIRGINIA


The sole issue framed by the parties to this appeal is whether the evidence adduced at trial was sufficient to identify the accused as the criminal agent in the commission of a felony.

In a bench trial conducted in the Circuit Court of the City of Richmond, Willard Smith was convicted of malicious wounding as defined in Code § 18.2-51.[*] A panel of the Court of Appeals of Virginia reversed the judgment entered by the trial judge and dismissed the indictment. Smith v. Commonwealth, Record No. 2130-97-2 (March 2, 1999). See Burks v. United States, 437 U.S. 1, 18 (1978). We awarded the Commonwealth an appeal.

The evidence of record shows that Andrew Taylor, the victim of the felony, testified that he and a friend named Joseph had

---

[*] Code § 18.2-51 provides:

If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

"started drinking about 6:00 that morning" and had consumed "about four or five quarts of beer." Looking across the city street where they were standing, he saw Smith approaching. Speaking to Taylor, Smith said, "I know you are mad . . . because I got your wife." Taylor testified that as he "turned to walk away," Smith hit him "[r]ight here in the stomach." He said that he "hit me again, and I grabbed him, and after that I don't remember much more than that." He did "remember walking away from him" and that "all of a sudden the lights went out."

Taylor remained unconscious until he "came to" in a hospital emergency room. He said that medical personnel were "sewing me in the back." He explained that he "had knife stabs," that he was "bleeding," that he "had to be stitched," and that some of his wounds were located at the "[s]ame spot" where Smith had been "hitting" him. Taylor testified on direct examination that he did not see "anything in the defendant's hand" when Smith was hitting him and, again on cross-examination, that "[i]f it was a weapon used, I didn't see it." Asked if he had seen any blood, Taylor replied that he had not. In response to counsel's statement that "[y]ou don't know that Willard Smith did anything to you other than hit or punch you," Taylor said, "That's correct."

Smith moved to strike the Commonwealth's evidence "on a reasonable doubt basis." The trial judge overruled the motion,

2

and Smith elected to rest.  The court found Smith guilty of malicious wounding and imposed a sentence of 20 years imprisonment with execution of 16 years of that sentence suspended during good behavior.

The Court of Appeals held that the evidence was insufficient to support the conviction.  We agree.

We have said that "where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates [the accused]."  Burton and Conquest v. Commonwealth, 108 Va. 892, 899, 62 S.E. 376, 379 (1908).  Additionally, "the burden is upon the Commonwealth to prove the guilt of the accused to the exclusion of every reasonable hypothesis consistent with his innocence . . . ."  Spicer v. Commonwealth, 156 Va. 971, 973, 157 S.E. 566, 566 (1931).  In LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950), we stated the following principles that are pertinent here:

> [I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence.  They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt.  To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been

3

proved to the exclusion of any other rational hypothesis and to a moral certainty.

Concerning the identity of the criminal agent, the Commonwealth's hypothesis relies principally upon the fact that "[t]he victim described at least some of the stab wounds as being in the 'same spot[s]' where the defendant had struck him." But the evidence, or lack of evidence, supports a different hypothesis.

Taylor testified that Smith attacked him with his fists and that, with respect to that attack, he had seen no weapons or blood indicative of a stabbing attack. Joseph was never called as a witness to contradict that testimony. The record at trial contains no evidence of the time or duration of the fist attack, the length of time Taylor lay unconscious on the sidewalk, or what transpired in the interval of time preceding his arrival at the hospital.

The evidence of record supports two hypotheses. First, that the period of unconsciousness resulted from a fist attack that developed into a knife attack by Smith when Taylor started "walking away from him." Second, that Taylor's unconsciousness resulted from his state of intoxication which inspired an unidentified pedestrian present at the scene (or one arriving later) to use a knife to terrorize the victim in order to achieve some ulterior motive. Consequently, the Commonwealth

4

failed "to prove the guilt of the accused to the exclusion of every reasonable hypothesis consistent with his innocence . . . ." Spicer v. Commonwealth, 156 Va. at 973, 157 S.E. at 566.

We agree with the conclusion reached by the Court of Appeals that "[t]he evidence raises no more than a suspicion of Smith's guilt." "Suspicion, however, no matter how strong is insufficient to sustain a criminal conviction." Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981). Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.