UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Beales
Argued at Richmond, Virginia

JAMES EMMETT HINES, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 0514-12-2         JUDGE D. ARTHUR KELSEY
                                     JANUARY 8, 2013
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Aubrey R. Bowles, IV (Bowles and Bowles, on briefs), for
appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court convicted James Emmett Hines, Jr., of malicious wounding.  On appeal,

Hines argues the evidence was insufficient as a matter of law to prove he was the criminal agent

responsible for the victim's injuries.  We agree and reverse his conviction.

I.

When presented with a sufficiency challenge on appeal, we review the evidence in the

"light most favorable" to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578

S.E.2d 781, 786 (2003).  In that light, the evidentiary record shows that, in March 2011, Hines

and the victim had recently ended an eight or nine-month relationship.  The two remained

friendly, however, and continued to see each other.  The victim invited Hines to visit her on his

birthday.  The victim had resided in a third-floor hotel room for about a month.  Hines arrived at

her hotel room sometime during the afternoon of March 30, 2011.  They ate and drank alcohol

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

together. The victim consumed "a couple shots" of vodka, "[m]aybe" more, and "maybe like three beers" before going to the store to buy more beer. App. at 14, 22.

When the victim returned from the store, she saw Hines "engaging in a conversation with a girl that was staying next door." Id. at 15. By the time the victim returned to her room, the other girl had left. The victim testified she had "had words with her before" and they were not friendly toward each other. Id. at 21. While alone in the hotel room, with the door shut, the victim and Hines argued. The victim was "upset" with Hines for talking to the other girl. Id. at 22. While Hines and the victim argued "face to face," he threw a beer bottle against the wall, causing the bottle to break. Id. at 16.

After the bottle broke, the victim "apparently blacked out." Id. at 17. She testified that she could not recall "[w]hat happened after the bottle hit the wall[.]" Id. The "next thing" she remembered was "[t]alking to the police." Id. She was "downstairs in the front office" on the first floor of the hotel when the police arrived. Id. at 20. She did not know how much time had transpired between being in her hotel room and finding herself in the first floor front office. She testified she had "no idea how [she] got down there." Id. at 23.

A police officer testified she found the victim on the first floor of the hotel at approximately 4:20 a.m. the next day, March 31. The victim had suffered facial bruising, swelling, and a bloody nose, mouth, and head. She was taken by ambulance to a local hospital. Her injuries included broken teeth, as well as a broken jaw and eye socket. The officer had no knowledge of Hines and was unaware of any role he might have played in the incident.

At trial, Hines moved to strike the evidence as insufficient as a matter of law because it did not prove, either directly or circumstantially, that he had caused the victim's injuries. The trial court disagreed and convicted Hines of malicious wounding. Hines argues on appeal that the trial court erred by doing so.

II.

We begin our review by restating basic principles. An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original)). We ask only whether, as a matter of law, a factfinder could rationally find "the essential elements of the crime beyond a reasonable doubt." Id. at 193, 677 S.E.2d at 282 (quoting Jackson, 443 U.S. at 319).

In this case, the victim never testified that Hines had hit her, attempted to hit her, or even threatened to hit her. She sustained her injuries after she passed out, not before, and did not know how or when she received her injuries, how she ended up on the first floor of the hotel, or how much time had transpired between her passing out (sometime during the afternoon or evening hours of March 30) and being found by the police (around 4:20 a.m. on March 31).

For reasons analogous to those in Commonwealth v. Smith, 259 Va. 780, 529 S.E.2d 78 (2000), we hold that the evidentiary omissions in this case weaken the inculpatory inference below the rationality threshold and push the conclusion of guilt "into the realm of *non sequitur*." Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006)). We therefore reverse Hines's malicious wounding conviction and dismiss his indictment.

Reversed and indictment dismissed.