COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Chafin and O'Brien
Argued at Williamsburg, Virginia

UNPUBLISHED

LAVONTE TEKO GEORGE

                                              MEMORANDUM OPINION* BY
v.       Record No. 1382-17-1                 JUDGE WILLIAM G. PETTY
                                              FEBRUARY 19, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Andrew M. Sacks (Stanley E. Sacks; Jill R. Schmidtke; Sacks &
Sacks, P.C, on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Lavonte Teko George was found guilty and was convicted in a bench trial for grand

larceny of items stolen out of the victim's car.  George was sentenced to ten years in prison with

seven years suspended.  George argues that the "trial court erred in overruling [his] motions to

strike and in finding [him] guilty, on the grounds that there was insufficient evidence to establish

that [he] was a criminal agent in connection with the grand larceny charged."  Finding no error,

we affirm the trial court's decision.

BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

We view the facts in the light most favorable to the prevailing party below, granting to it the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

benefit of any reasonable inferences; we review issues of law *de novo*.  Hall v. Commonwealth, 55 Va. App. 451, 453 (2009).

On April 9, 2016, at about 4:15 in the morning, John Munley, III, an off-duty police officer, looked out his window and saw a Ford Taurus with all four doors open in the street in front of his home.  Although it was still dark outside, a streetlight illuminated the cul-de-sac on which Munley lived.  Munley saw four men, all with flashlights in their hands.  Two of the men were "going through" Munley's parents' car, while the other two approached a neighbor's Ford Mustang parked nearby.  One of the men was "jiggling" the door handle of the Mustang, while the other man attempted to pull the window down, "reaching into the vehicle."  Munley subsequently identified George as one of those men.  The other two men, who had been rummaging through Munley's parents' car, walked out of Munley's view.  The four men ultimately got into the Taurus, and the car drove away.

Munley called 911.  Chesapeake police officers Kessler and Richardson responded to the call.  On their way to Munley's home, Officer Richardson saw an unoccupied Ford Taurus with its lights on, the engine running, and all four doors open stopped close to another car.  The Taurus was located about one-quarter mile from Munley's home.  Officer Kessler saw George alone, walking away from the Ford Taurus.  Officer Kessler handcuffed and detained him.  After being advised of his Miranda rights, George said that he was in the area looking for his sister, then that he was looking for his sister's boyfriend, and then that he was trying to get back to them.  Officer Kessler took George back to the Taurus.  George said that he had borrowed the car from a woman in Portsmouth but provided no other information about the owner.

Officer Kessler and Officer Richardson searched the Taurus in preparation for towing.  They discovered that the car was registered to a funeral home in Portsmouth.  In the glove box, the officers found George's identification card attached to a temporary driver's permit.  They

- 2 -

also located a flashlight in the passenger's seat and George's cellphone in the driver's seat. Also in the car, the officers found a checkbook in the name of the James Langlois, six loose checks from that checkbook, a backpack containing Langlois's U.S. Navy nameplate, headphones, sunglasses, thermoses, a Leatherman tool, and flashlights.

Officer Richardson proceeded to Langlois's home, which was about two miles from Munley's house, with the items recovered from the Taurus. Langlois checked his car and discovered that the items he had left in his car earlier were gone. Langlois identified the items recovered from the Taurus as the property that was missing from his car. He estimated the value of the stolen items to be more than $200.[1] George was subsequently convicted in a bench trial. This appeal followed.

ANALYSIS

"A motion to strike challenges whether the evidence is sufficient to submit the case to the jury." Lawlor v. Commonwealth, 285 Va. 187, 223 (2013). "Whether the evidence adduced is sufficient to prove each of those elements is a factual finding, which will not be set aside on appeal unless it is plainly wrong." Id. at 223-24. "In reviewing that factual finding, we consider the evidence in the light most favorable to the Commonwealth and give it the benefit of all reasonable inferences fairly deducible therefrom." Id. at 224.

Where, as here, the Commonwealth relies wholly on circumstantial evidence to carry its burden of proof beyond a reasonable doubt, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence." Commonwealth v. Smith, 259 Va. 780, 783 (2000) (quoting LaPrade v. Commonwealth, 191 Va. 410, 418 (1950)). The Commonwealth "must overcome the presumption of innocence and exclude all reasonable conclusions

---

[1] We note that the date of offense in this case was April 9, 2016. Therefore, Code § 18.2-95 had not yet been amended to increase the grand larceny threshold from $200 to $500. The amendment took effect July 1, 2018.

- 3 -

inconsistent with that of guilt." Id. However, "the hypotheses which must be reasonably excluded are those which flow from the evidence itself, and not from the imagination of defendant's counsel." Turner v. Commonwealth, 218 Va. 141, 148 (1977). Finally, "[w]hile no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." Pijor v. Commonwealth, 294 Va. 502, 512-13 (2017) (second alteration in original) (quoting Muhammad v. Commonwealth, 269 Va. 451, 479 (2005)).

George does not dispute that the larceny was actually committed. Rather, he argues that the Commonwealth's circumstantial evidence failed to prove beyond a reasonable doubt that he was the criminal agent who committed it. George maintains that the facts in this case "at most establish suspicion or probability of guilt, but do not support a finding beyond a reasonable doubt that the defendant was a criminal agent in connection with the removal of Mr. Langlois's backpack." We disagree.

Here, the trial court was not plainly wrong in denying George's motions to strike. Viewed in the light most favorable to the Commonwealth, the evidence demonstrates that Munley identified George as one of the individuals who reasonably appeared to be attempting to break into cars parked near Munley's house. Munley also saw George and his cohorts leave in a Ford Taurus. A Ford Taurus was found shortly thereafter in a nearby neighborhood stopped next to another car. George was across the street, walking away from the Ford Taurus. Inside the Taurus were the belongings stolen out of the victim's car as well as George's cellphone, identification card, and temporary driver's permit. George admitted to being the driver of the car and provided the police with evolving explanations for his presence in the area in the pre-dawn hours. The fact finder was permitted to consider George's inconsistent stories to the police as evidence that he was attempting to conceal his guilt. See Black v. Commonwealth, 222 Va. 838,

- 4 -

842 (1981). The fact finder reasonably concluded that the activity Munley saw was just a stop along the way for George and his cohorts as they pilfered property from cars in a residential area of Chesapeake. While no single piece of evidence established that George was responsible for the theft of the victim's property, taken together, the circumstantial evidence and the reasonable inferences that could be drawn from that evidence established that George was the thief. See Commonwealth v. Moseley, 293 Va. 455, 464 (2017) ("[T]he factfinder determines which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant."). We conclude that "a rational factfinder could reasonably reject [George's] theories in his defense and find that the totality of the suspicious circumstances proved beyond a reasonable doubt that [George] was the criminal agent [in the theft]." Id. at 466.

The court concluded that George was guilty as a primary principal or as a principal in the second degree to the larceny of the victim's property. This conclusion was not plainly wrong or without evidence to support it. Therefore, the trial court did not err in denying George's motion to strike.

CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.